[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case brought by the plaintiff, Marianne J. Charles (Charles) who claims a balance due in the amount of $5381.70 to Charles, a licensed lawyer in the State of Connecticut for professional services she rendered to the defendant Kenneth Piccolo (Piccolo) from December 16, 1996 to June 20, 2000.
Piccolo claims that Charles quoted him a fee of no more than $10,000 for services in his bitter dispute between the mother of his child as to custody, visitation, and payment of medical expenses for the benefit of the minor child Kenneth Michael Piccolo.
The court has viewed the voluminous file in the family matter between Piccolo and the mother Anna L. Luna which was started in 1991. Piccolo has had other attorneys representing him in this case. The child's date of birth was April 4, 1991. The first pleading signed by Charles in this case is dated December 23, 1996 for further evaluations of the minor child by the court appointed psychologist Dr. Wayneck Docket Number FA 91 0289016S Judicial District of Fairfield at Bridgeport.
Piccolo is receiving workmen's compensation disability with a take home amount of $1551.20 per month. In documents filed by Piccolo is a letter dated December 15, 2002 addressed to Charles discharging her pointing up his disagreements and disappointment with the services of Charles.
Piccolo argues that his original agreement with Charles he was told the services would not exceed $10,000. Contrary to that argument Charles although she could not locate the original retainer agreement testified that her arrangement was a retainer of $3500.00 and that Piccolo would be billed at $150,00 per hour. Exhibit 2 confirms the arrangement which is dated February 19, 1997.
Charles admitted that during her representation of Piccolo she had experienced several billing systems and that her records were not perfect CT Page 15343 and that any mistakes she made were in favor of Piccolo. Charles could not account for her billing period of December 1997 through November 1998 although she performed services, but did not charge his account. However, defendant, Piccolo, produced two additional checks totaling $1782 and a credit was given to him at trial.
In the defendant trial brief Piccolo, who appears pro se disputes an hourly fee arrangement and insists his arrangement was for a flat fee and that he did not receive a bill until December, 1997 which he questioned. Piccolo asserts he was told by Charles that she was required to keep a billing ledger for court purposes in the event that he was ever awarded attorneys fees and costs. Piccolo further claimed that Charles told him it was common practice to maintain it that way when there was no written agreement.
Another claim by Piccolo is that the bill included time for social telephone calls in which Charles would discuss some of her personal problems with him.
On December 19, 1997 (Exhibit 3) Charles advises Piccolo that it was time to settle the case because although he may be dissatisfied that in her opinion a further restriction on Luna's visitation would not be successful.
Also, her advice was that a "continued pursuit of your course of action will lead to additional attorneys being appointed by the Court, intensive litigation, costs and further subpeoning [sic] of experts. Dr. Wayneck has made it very clear that he does not like to come to court; and there is considerable expense in forcing him to do so." The letter (Exhibit 3) goes on to state Charles had no choice but to request permission to withdraw as your counsel and enclosed a copy of that motion. Also enclosed were two recent motions of opposing counsel representing Luna which he would have to deal with. Charles did not press or claim the motion to withdraw. A copy of the billing (Exhibit 1) showed the total expenses of $10,215.00 less the payments received with a balance of $5307.50. Thereafter, Exhibit 1 showed work from December 2, 1998 with a new balance after some payments of $4515.50. On January 11, 1999, a payment of $300 was made on the outstanding bill of $4515.50.
On February 17, 1999, Charles appeared in court on behalf of Piccolo (Exh. 1, Invoice 314). August 19, 1999 (Exh. 1, Invoice 597) there appears a charge for attendance in court showing a balance of $4620.50.
Although Charles billing is not as detailed as Piccolo would have liked, nonetheless services were rendered and not until December 15, 2000 CT Page 15344 does he discharge his attorney.
In the post trial brief of Charles, a breakdown of the financial transactions are attached showing a summary of charges and credits. The court concludes from all the evidence that Charles had an hourly agreement which was not challenged until a final bill was made. The court gives more weight to the testimony of Charles.
As outlined in the pre-trial memorandum filed by the plaintiff she seeks recovery for legal fees in a non-contingency fee matter and even absent the production of a written agreement by applying the theories of Quantum Meruit and Unjust Enrichment the plaintiff should be paid. Payments had been made during the course of the representation and the fee arrangement outlined by the plaintiff is the more credible version.
Accordingly, judgment is entered in favor of the plaintiff to recover the outstanding bill of $5381.70 without interest plus costs.
 ____________________ Frank S. Meadow Judge Trial Referee
CT Page 15344-a